FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

25 AUG 21 AM 8:20

United States District Court for the District of Colorado

Alysia Murphy

v.

Children's Hospital Colorado, et al.

In Support of Civil Action (CASE NO. 25-CV-02248-SKC-STV)

## NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING IRREPARABLE HARM TO RELIGIOUS LIBERTY

Plaintiff respectfully submits this notice to clarify the ongoing irreparable harm caused by Children's Hospital Colorado's permanent barring of her from her son's bedside.

1. Religious Freedom
   The First Amendment protects the free exercise of religion, and the denial of the ability to pray with one's child constitutes irreparable harm. *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020). CMS regulations similarly require hospitals to respect and support patients' cultural and spiritual needs. 42 C.F.R. § 482.13(b)(2). Excluding the parent who provides prayer and spiritual care directly violates this mandate.

2. Parental Rights
   The Supreme Court recognizes the fundamental right of parents to direct the care and custody of their children. *Troxel v. Granville*, 530 U.S. 57, 65–66 (2000). By excluding Plaintiff, the hospital interferes with this right at the most critical moment of her child's life.

3. Improper Barring Standards
   Federal patient-rights regulations permit restriction only where a parent is disruptive or threatening. Plaintiff was never hostile, violent, or unsafe, and she was not afforded notice or appeal of the ban, contrary to required procedural safeguards.

4. Ongoing Irreparable Harm
   The inability to pray over a critically ill child and to participate in medical rounds is not compensable by damages. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). As legal guardian, Plaintiff is excluded from daily treatment discussions, leaving her son—incapacitated and unable to advocate for himself—without his representative in decisions affecting his care. This gap presents imminent risk to his health and safety and constitutes irreparable harm under binding precedent.

Thus, this is not a conclusory claim: the record establishes specific constitutional violations (First Amendment, parental rights), federal regulatory violations (42 C.F.R. §482.13), and factual harms (exclusion from rounds and prayer), which together constitute irreparable harm under binding precedent.

Conclusion

Because these harms occur daily and cannot be undone after the fact, Plaintiff respectfully submits that her exclusion is inconsistent with constitutional protections and federal patient-care standards, and that judicial intervention is necessary to prevent further deprivation of rights.

Respectfully submitted,

*[signature]* Alyssa Murphy 8/20/25

CERTIFICATE OF SERVICE

I hereby certify that on 8/20/25, I caused a copy of:

**PLAINTIFF-APPELLANT'S RULE 28(j) NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING IRREPARABLE HARM TO RELIGIOUS LIBERTY,**

Rule 28(j) Notice of Supplemental Authority Irreparable Harm – CMS Conditions of Participation

&

**NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING IRREPARABLE HARM TO RELIGIOUS LIBERTY**

to be served by U.S. Mail, postage prepaid, to the following:

Meghan E. Pound, Esq. & Elliott V. Hood, Esq.

**Caplan & Earnest LLC**

3107 Iris Avenue, Suite 100 | Boulder, CO 80301

P: 303-443-8010 | F: 303-440-3967

Counsel for Appellee Children's Hospital Colorado

Dated: 8/20/25

Respectfully submitted,

*/s/ Alysia Murphy  8/20/25*
Alysia Murphy

Plaintiff-Appellant, Pro Se