| | |
|---|---|
| **From:** | Alysia Murphy <design.by.alysia@gmail.com> |
| **Sent:** | Tuesday, September 9, 2025 9:22 AM |
| **To:** | Crews Chambers |
| **Cc:** | James Avery |
| **Subject:** | Withdraw Motion TRO Case no. 25-cv-2248-SKC |
| **Attachments:** | Order_[Proposed] Order.pdf |

CAUTION - EXTERNAL:

Judge Crews,

My name is Alysia Murphy the petitioner in this case. Respectfully I would like to withdraw the motion for the TRO in this action case no. 25-cv-2248-SKC-STV.

The TRO has been granted in El Paso.
See the order attached.
CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.


With gratitude and respect,

Alysia Murphy Pro Se

| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>Court Address:<br>270 S. TEJON, COLORADO SPRINGS, CO, 80903 | |
| **Petitioner(s)** ALYSIA MURPHY<br>v.<br>**Respondent(s)** CHILDRENS HOSPITAL COLORADO | DATE FILED<br>September 8, 2025 3:10 PM<br>CASE NUMBER: 2025CV32004 |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2025CV32004<br>Division: 21    Courtroom: |
| **Order:[Proposed] Order** | |

The motion/proposed order attached hereto: GRANTED.

This petition for emergency injunctive relief is neither verified nor supported by affidavit or testimony, as required CRCP 65, however given the catastrophic stakes involved, the court will proceed as if the complaint were verified.

At issue is a vegetative child on life support at Children's Hospital of Colorado in Aurora, Colorado who has been declared brain dead pursuant to CRS 12-240-140 as of August 21, 2025. Children's Hospital has given notice that life support will cease on September 11, 2025, at 9:30 a.m.

Petitioner is the mother of the child who objects to the removal of life support on the grounds that signs of life are still apparent and the standard by which death was determined is unconstitutional because it is out of date given the advent of imaging technology.

Petitioner has demonstrated a reasonable probability of success on the merits, because of the age of the standard used to determine death. There exists a danger of real, immediate, and irreparable injury which may be prevented by injunctive relief, namely the life of the child. There is no plain, speedy, and adequate remedy at law under these circumstances. The granting of a temporary restraining order will not disserve the public interest. The balance of the equities favors the injunction. The injunction will preserve the status quo pending a trial on the merits. *Rathke v. MacFarlane*, 648 P.2d 648 (Colo. 1982).

Wherefore, pursuant to CRCP 65, the request for an ex parte temporary restraining order is GRANTED, and Children's Hospital of Colorado is hereby enjoined and prohibited from terminating the life support of AMARII MURPHY, a minor. The status quo is ordered to be maintained until such time as a hearing can be held on this matter and further court orders are issued.

The court sets this matter for a hearing on September 17, 2025, at 9:00 a.m. in Div. 21. The scope of the hearing will include Petitioner demonstrating that the 4th Judicial District is the appropriate venue and has jurisdiction in this matter given juvenile proceedings have previously occurred in Denver. See CRS 19-1-104(3). The scope of the hearing will include Petitioner demonstrating standing, that is, custody of the child. The hearing will address all *Rathke* factors, including relevant technological advancements in imaging and legal argument regarding the constitutionality of CRS 12-240-140. Petitioner is hereby ordered to give notice to the Colorado Attorney General's Office of this constitutional attack on the statute and the date and time of the scheduled hearing. Petitioner is ordered to effect immediate personal service of this order on Respondent.

Issue Date: 9/8/2025

*[signature: Michael P. McHenry]*

MICHAEL P MCHENRY
District Court Judge

| El Paso County District Court<br>270 S Tejon St.<br>Colorado Springs, CO 80903 | |
|---|---|
| *In the Interest of:*<br>A.M., Minor Child,<br><br>ALYSIA MURPHY, PETITIONER<br><br>CHILDREN'S HOSPITAL COLORADO, RESPONDENT | |
| | Case No:<br><br>Div.: |
| **ORDER** | |

Attachment to Order - 2025CV32004

The Court, having considered the Petitioner, Alysia Murphy's, Individually and as Next Friend of A. M., a minor, emergency petition and motion for injunctive relief against Children's Hospital of Colorado, and request for forthwith hearing, hereby ORDERS:

Petitioner, the moving party, Alysia Murphy, mother of child, seeks injunctive relief pursuant to C.R.C.P. 65(a) regarding medical treatment for Amarii Murphy, a minor child, to preserve the life of the child. The child is on life support at Children's Hospital of Colorado in Aurora (located in Adams County), Colorado. The mother and child are permanent residents of El Paso County and the Respondent Children's Hospital has facilities in both Aurora and Colorado Springs which have taken custody of the child for treatment. The court has jurisdiction and venue is proper.

This emergency petition for injunctive relief is filed pursuant to C.R.C.P. 65(a) to preserve the status quo in an effort to prevent necessary life support (mechanical ventilation)

1

from being removed and letting the child, Amarii Murphy's brain deteriorate from lack of oxygen, followed by a gradual deterioration and eventual organ failure of multiple organs followed by death of the child. The granting of a preliminary injunction pursuant to section (a) of this rule is to preserve the status quo or otherwise to grant emergency relief. *Macleod v. Miller*, 44 Colo. App. 313, 612 P.2d 1158 (1980). The matter of a preliminary injunction is to prevent further harm where harm is alleged, or otherwise to grant emergency relief, and a hearing on the merits is contemplated at a later date. *Graham v. Hoyl*, 157 Colo. 338, 402 P.2d 604 (1965). The movant seeks to invoke the jurisdiction and power of this court pursuant to Colo. Const. Art. VI, Section 9(1)[1] to preserve life, which is protected by the 5th and 14th Amendments to the U.S. Constitution and Colo. Const. Art. II, Section 3 and Colo. Const. Art. II, Section 25.

      The Petitioner, mother of child, asserts that she is the primary decision-maker for the child under the medical standards which all health care providers are sworn to, namely the Hippocratic Oath ("First, do no harm") and the doctrine of 'informed consent' (the right of the patient or the patient's legal representative to give informed consent for all treatment and procedures consistent with other state and federal statutes which guides medical decision-making.). The doctrine of informed consent is recognized by Colorado law and Petitioner asserts a potentially meritorious claim that she is the primary decision-maker with the final say over the removal of life support.

      Petitioner claims the statute relied upon by CHCO is void for vagueness and unconstitutional. In Colorado, a law is considered "void for vagueness" if it fails to be clear and precise enough for ordinary people to understand what conduct is prohibited or required, violating principles of due process under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article II, Section 25 of the Colorado Constitution.

      The Petitioner has demonstrated: (1) A reasonable probability of success on the merits; (2) a danger of real, immediate, and irreparable injury which may be prevented by injunctive relief; (3) that there is no plain, speedy, and adequate remedy at law; (4) that the granting of a preliminary injunction will not disserve the public interest; (5) that the balance of equities favors the injunction; and (6) that the injunction will preserve the status quo pending a trial on the merits. *Rathke v. MacFarlane*, 648 P.2d 648 (Colo. 1982); *Wakabayashi v. Tooley*, 648 P.2d 655 (Colo. 1982); *Am. Television & Communications Corp. v. Manning*, 651 P.2d 440 (Colo. App. 1982); *Iowa Nat. Mut. Ins. Co. v. Cent. Mortg. & Inv.*, 708 P.2d 480 (Colo. App. 1985); *Bloom v. NCAA*, 93 P.3d 621 (Colo. App. 2004); *Gitlitz v. Bellock*, 171 P.3d 1274 (Colo. App. 2007).

      This matter warrants further consideration and should be expedited in the interest of justice. Petitioner should be afforded an opportunity to file a complaint for injunctive relief and have a trial on the merits.

---

[1] The jurisdiction conferred on the district courts by this section should be construed as all-embracing, as its terms are unrestricted. *Patterson v. People ex rel. Parr*, 23 Colo. App. 479, 130 P. 618 (1913). District courts are constitutional courts of general jurisdiction. *In re Question Concerning State Judicial Review*, 199 Colo. 463, 610 P.2d 1340 (1980).

2

IT IS SO ORDERED.

DISTRICT COURT

By:
District Judge

3