IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-2248-SKC-STV
Consolidated with Case No.: 25-CV-02510-SKC-STV

ALYSIA MURPHY, individually and on behalf
of AMARII MURPHY, minor,

    Plaintiff,

v.

CHILDREN'S HOSPITAL COLORADO; JENA HAUSMAN; DAVID BRUMBAUGH, M.D.; LORA BYRNE, DM, MBA, BSN, CNML; SARA YOUNG, M.D.; MATTHEW LEROUE, M.D.; CAMERON GUNVILLE, D.O.; LESLIE RIDALL, D.O.; REID WILKENING, M.D.; SARAH ROSS, R.N; JENNIFER ROTH, MSN, R.N.; NILES ACKERSON; OFFICER J. CAMPBELL; OFFICER T. CHRISTENSEN; ANNIE SCHMECKPEPER; J. HOFFMAN; SERGEANT RIDER; AMY RUOFF (incorrectly names as Amy Ross); AND ADAMS COUNTY DEPARTMENT OF HUMAN SERVICES

    Defendants.

## MOTION FOR LEAVE TO FILE
## ENTRY OF LIMITED APPEARANCE

Martin J. Champagne, Jr., Esq. hereby submits his Motion for Leave to Provide Limited Scope Representation to represent plaintiff at the TRO hearing, set for September 19, 2025. Pursuant to D.C.COLO.LAttyR 2(b)(1) and LAttyR 5(a)

and (b), and in support thereof, states as follows:[1]

## REQUEST FOR RELIEF

1. D.C.COLO.LAttyR 2(b)(1) permits an attorney to provide limited scope legal representation to unrepresented parties (including unrepresented prisoners) in civil actions in accordance with Colo. RPC 1.2(c), when ordered by the Court, and subject to D.C.COLO.LAttyR 5(a)-(b).

2. Colo. RPC 1.2(c) provides in part:

    A lawyer may limit the scope or objectives, or both, of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.

3. Here, undersigned counsel seeks to enter a limited appearance to represent plaintiff in this action at her request for the limited purpose of representing plaintiff at the hearing, set for September 19, 2025.

4. Accordingly, undersigned counsel respectfully requests that this Court permit him to enter a limited appearance for the purpose of representing plaintiff in this action to represent plaintiff at the TRO hearing, set for September 19, 2025.

5. Attached hereto is undersigned counsel's proposed Entry of Appearance to Provide Limited Representation.

6. Plaintiff is not currently represented by counsel. As plaintiff is a pro se party in this civil action, plaintiff qualifies for limited scope representation as

---

[1] Effective Dec. 1, 2017, there is no longer a need for a Certificate of Conferral for matters concerning entry and withdrawal of appearances of counsel. *See*, D.C.COLO.LCivR 7.1(b)(4).

2

permitted by D.C.COLO.LAttyR 2(b)(1).

7. Undersigned counsel is an active member in good standing of the bar of this Court and is permitted to appear on the pro se party's behalf. Undersigned counsel certifies that plaintiff has both requested and consented to limited representation as proposed herein.

8. Undersigned counsel is representing plaintiff *pro bono* in this matter.

9. In addition, undersigned counsel certifies that, in providing limited scope representation to plaintiff, counsel will comply with all rules of this Court, including the Federal Rules of Civil Procedure, this District's Local Rules, and the Colorado Rules of Professional Conduct as adopted by D.C.COLO.LAttyR 2.

10. Undersigned counsel requests receipt of the Notices of Electronic Filing issued in this matter while counsel is acting in a limited representation capacity and until counsel has been granted permission to withdraw from this case. Undersigned counsel also acknowledges that plaintiff will continue to receive from the court or from the opposing counsel or parties notice of all documents filed in this case by mail.

11. Undersigned counsel certifies that, at the conclusion of the representation of plaintiff at the hearing, set for September 19, 2025, counsel will move to withdraw in compliance with D.C.COLO.LAttyR 5(b).

12. At the conclusion of this limited appearance, the pro se party has the

3

burden of keeping the Court and the other parties informed where later notices, pleadings, and other papers may be served and understands that he/she has the obligation to prepare for trial or have other counsel prepare for trial; that failure or refusal to meet these burdens may subject her to a possible default; and that the dates of any proceedings including trial and holding of such proceedings will not be affected by the completion of the limited appearance of counsel.

WHEREFORE, undersigned counsel respectfully requests that the Court grant this motion for leave to provide limited representation to plaintiff pursuant to D.C.COLO.LAttyR 2(b)(1) and LAttyR 5(a)-(b) for the purpose of representing plaintiff at the hearing, set for September 19, 2025, permit undersigned counsel to file the attached Entry of Appearance to Provide Limited Representation, and grant such other and further relief as the Court may deem just and proper.

DATED: September 19, 2025.

Respectfully submitted,

*/s/ Martin J. Champagne, Jr.*
Martin J. Champagne, Jr., #46554
CHAMPAGNE LAW FIRM, LLC
1650 N. Washington St.
Denver, CO 80202
(303) 625-4038 (phone)
(303) 845-9097 (facsimile)
mjc@champagne-law.com
Attorney for Plaintiff

4

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on September 19, 2025, I electronically served the foregoing by email to all parties.

                                       */s/ Martin J. Champagne, Jr.*
                                       Martin J. Champagne, Jr.