IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-02248-SKC-STV

ALYSIA MURPHY,

        Plaintiff,

v.

CHILDREN'S HOSPITAL COLORADO, *et al.*,

        Defendants.

---

**ORDER**

---

On September 19, 2025, this Court convened a hearing to discuss Ms. Murphy's Verified Motion for a Temporary Restraining Order (Dkt. 92) and Children's Hospital's Response (Dkt. 96). Following extensive oral argument, the Court denied the Motion from the bench and informed the parties a written order would follow. This is that Order.[1]

As stated during the hearing, the Court concludes the doctrine set out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), applies to Plaintiff's request for a TRO and therefore, the Court will abstain from the

---

[1] Because the Parties and the Court discussed the facts and procedural history of this case during the hearing, the Court does not repeat it in this Order.

1

matter of her injunctive relief and stay this case pending a final resolution of the parallel state court proceedings.

The *Colorado River* doctrine applies to "situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts." *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994). The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id*. Declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in "exceptional" circumstances. *Id*. at 1081.

The first step in deciding whether *Colorado River* applies is to determine whether the proceedings are parallel. The Court finds these proceedings are parallel because the state court case involved substantially the same parties, namely Ms. Murphy and Children's Hospital. And, regardless of the claims asserted in each case, the cases involve the same issue regarding Ms. Murphy's injunctive relief—whether Children's Hospital may withdraw mechanical ventilation support from A.M. without Ms. Murphy's consent.

The next step is determining whether exceptional circumstances exist to warrant abstention. The Supreme Court and the Tenth Circuit have set forth a list of factors to consider in deciding whether the circumstances are exceptional. *Fox*, 16

F.3d at 1082 (citing *Colorado River,* 424 U.S. 818). Having reviewed those factors the Court finds exceptional circumstances do exist.

The Court first considers whether the avoidance of piecemeal litigation weighs in favor of a stay. It does. As the Court noted, the parties have already litigated these issues in multiple forums including Adams County, El Paso County, and in this Court. And now the El Paso County District Court has issued a judgment on the merits regarding the propriety of Children's Hospital withdrawing mechanical ventilation and other life support from A.M. For this Court to take up the same TRO would only perpetuate the piecemeal nature of the litigation.

Next, the Court observes that Ms. Murphy initially brought her action and filed her request for a TRO and injunctive relief in this Court. Dkt. 79. This Court denied that request. Ms. Murphy then filed another request for a TRO and injunctive relief in this Court. While that motion was pending, she filed the same request for a TRO in the El Paso County District Court, which granted her motion. *See* Dkt. 82. Upon receiving that favorable order, Ms. Murphy withdrew her federal motion specifically because of the TRO she obtained from the state court. Dkt. 83. But then, after she received an adverse ruling from the state court, she sought to avoid it by filing a new emergency motion for a TRO in this case. Dkt. 92. While the Court neither faults Ms. Murphy nor finds her conduct to be vexatious, these actions do demonstrate the reactive nature of this case and the relief she has sought in the parallel state and federal court actions. Further, proceeding from one court to the next to avoid adverse

3

rulings constitutes impermissible forum shopping and weighs in favor of staying this case.

Because the state court entered a final judgment on the merits, the parties must present any objections or questions regarding the state court's order to the Colorado appellate courts. Until Plaintiff exhausts her state appellate remedies or the time for appealing has lapsed, the El Paso County District Court proceedings are not final, and the *Colorado River* factors counsel this Court to abstain from ruling on any request for injunctive relief.

*   *   *

For the reasons shared above and stated on the record during the hearing, the Court respectfully denies the Motion for Temporary Restraining Order. This case shall be STAYED pending the outcome of any state appellate proceedings.

DATED: September 24, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge